1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

JERRY DEAN PETERSON,

7

Petitioner,

v.

8

JOHN FLOOD,

9

Respondent.

10

Case No. 2:24-cv-00206-JLR-TLF

REPORT AND
RECOMMENDATION

Noted for <u>November 7, 2024</u>

11    Petitioner, a pretrial detainee in Snohomish County, seeks federal habeas relief

12  under 28 U.S.C. 2241 from pending criminal charges. Dkt. 10. Respondent filed an

13  answer to the petition on August 7, 2024. Dkt. 15. For the reasons set forth below, the

14  undersigned recommends that the petition be DISMISSED without prejudice. Also, for

15  the reasons set forth below, the undersigned recommends that issuance of the

16  certificate of appealability (COA) be DENIED as well.

17                                         <u>BACKGROUND</u>

18    Petitioner is awaiting trial in Snohomish County Superior Court for offenses under

19  Washington State law including rape of a child in the first, second and third degrees.

20  Dkt. 16-1, at 2-3 (State's Appendix A, Information and Affidavit of Probable Cause). The

21  trial is scheduled for November 12, 2024. Dkt. 16-1 at 42 (State's Appendix B, Order

22  Continuing Trial).

23    Petitioner raises claims of ineffective assistance of counsel and speedy trial

24  violations. Dkt. 10.

25

REPORT AND RECOMMENDATION - 1

1    Petitioner's trial was originally scheduled for March 20, 2020. Dkt. 16-1 at 12

2    (State's Appendix B, Order Continuing Trial). The Court granted continuances 13 times

3    for reasons including the COVID-19 pandemic (*Id.* at 16-17) and Petitioner's attorneys

4    needing more time to prepare for trial (*Id.* at 14, 18, 22, 24, 26, 28, 31, 39, 42).

5    Petitioner has had four different attorneys appointed to represent him. *See id.*

6    As relief, Petitioner requests that the Court grant his petition. Dkt. 10 at 7.

7

                                        DISCUSSION

8

9    Because Petitioner is a pre-trial detainee facing unresolved and pending state

10   criminal charges the Court must determine whether it must abstain under *Younger v.*

11   *Harris*, 401 U.S. 37 (1971). A federal court must abstain under *Younger* when: (1) there

12   is an ongoing state judicial proceeding; (2) the proceeding implicates important state

13   interests; (3) there is an adequate opportunity in the state proceedings to raise

14   constitutional challenges; and (4) the requested relief seeks to enjoin or has the

15   practical effect of enjoining the ongoing state judicial proceeding. *Arevalo v. Hennessy*,

16   882 F.3d 763, 765 (9th Cir. 2018). Federal courts will not abstain under *Younger* when

17   there is a showing of bad faith, harassment, or some other extraordinary circumstance

18   that would make abstention inappropriate. *Id.* at 765–66.

19   The *Younger* abstention doctrine applies to actions seeking federal habeas

20   corpus relief. *See Drury v. Cox*, 457 F.2d 764,764-65 (9th Cir. 1972) ("only in the most

21   unusual circumstances is a defendant entitled to have federal interposition by way of

22   injunction or habeas corpus until after the jury comes in, judgment has been appealed

23   from and the case concluded in the state courts."). Additionally, absent specifically

24   defined extraordinary circumstances, principles of federalism and comity prohibit a

25

REPORT AND RECOMMENDATION - 2

1  federal district court from entertaining a pre-conviction habeas petition that raises a

2  Speedy Trial claim as an affirmative defense to state prosecution. *Brown v. Ahern*, 676

3  F.3d 899 (9th Cir. 2012).

4      The Court should abstain in this case because the *Younger* factors are met.

5  Petitioner faces an ongoing state criminal prosecution which clearly implicates important

6  state interests; petitioner can raise his constitutional challenges by filing motions in the

7  state courts; and the requested habeas relief would undermine the state courts'

8  determinations regarding petitioner's criminal case. Claims of speedy trial violations and

9  the ineffective assistance of counsel will be reviewable both in state court and, if

10  necessary, in subsequent federal habeas corpus proceedings following exhaustion of

11  state remedies on direct appeal and post-conviction proceedings in state court.

12      Further, the record does not show the type of extraordinary circumstances that

13  would potentially give the federal court grounds for an exception to the abstention

14  doctrine. There is no evidence of bad faith or harassment; he alleges ineffective

15  assistance of counsel, he alleges claims related to the health difficulties experienced by

16  petitioner while in isolation at the jail, and he alleges that events occurred in the Courts

17  and jails that had a detrimental effect on justice in his case, during the COVID-19 global

18  pandemic. *See e.g.*, Dkt. 10, Petition for Habeas Corpus, at 7, 28-29 (petitioner alleges

19  delay and continuous detention beginning in January of 2020, difficulty communicating

20  with his attorneys during isolation at the jail, that he experienced a heart condition, and

21  deteriorating mental health, beginning in 2020). The Court accordingly concludes

22  *Younger* abstention is appropriate and recommends the case be dismissed without

23  prejudice.

24

25

REPORT AND RECOMMENDATION - 3

1

2

3
CERTIFICATE OF APPEALABILITY

A certificate of appealability is required for habeas petitions under § 2241

challenging pretrial detention. *Wilson v. Belleque*, 554 F.3d 816, 824 (9th Cir. 2009). A

prisoner seeking habeas relief may appeal a district court's dismissal of the petition only

after obtaining a COA from a district or circuit judge. A COA may be issued only where

a petitioner has made "a substantial showing of the denial of a constitutional right." *See*

28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists

of reason could disagree with the district court's resolution of his constitutional claims or

that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds no reasonable jurist would disagree the

Court should abstain under *Younger.* The Court should therefore not issue a COA.

Petitioner should address whether a COA should issue in his written objections, if any,

to this Report and Recommendation.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court

dismiss the petition for writ of *habeas corpus* without prejudice. A certificate of

appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

have fourteen (14) days from service of this report to file written objections. *See also*

Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

REPORT AND RECOMMENDATION - 4

1    U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

2    omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

3    directed to set the matter for consideration on **November 7, 2024**, as noted in the

4    caption.

5

6

      Dated this 23rd day of October, 2024.

7

8

9                                                    *Theresa L. Fricke*

10                                                   Theresa L. Fricke
                                                     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION - 5